RECEIVED
IN MONROE, LA

OCT 2 0 2006
ROBERT H. SHFMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **MICHAEL A. JACKSON** | **CIVIL ACTION NO. 06-0598** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WARDEN HOLIDAY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is a civil rights complaint under 42 U.S.C. § 1983 [Doc. Nos. 1 & 8] filed by Plaintiff Michael A. Jackson ("Jackson"). At the time the lawsuit was filed, Jackson was a pre-trial detainee housed at the Claiborne Parish Detention Center ("CPDC"). He names as Defendants Wardens Holiday, Allen, and Goodwin; Majors Hunter and Banks; and Captain McCoy. Jackson alleges that he was assaulted and beaten by a Louisiana Department of Public Safety and Corrections ("LDOC") convict named Michael Lewis ("Lewis"). He seeks a transfer and an unspecified amount for damages for pain and suffering.

On September 11, 2006, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 9] recommending that the Petition be dismissed as frivolous and for failing to state a claim upon which relief may be granted. With regard to Defendants Holiday, Allen[1], and Goodwin, the Court agrees with and ADOPTS Magistrate Judge Hayes' analysis and conclusion.

With regard to Defendants Hunter, Banks, and McCoy, Magistrate Judge Hayes noted that Jackson claimed that each of these Defendants was informed of threats made by Lewis

---

[1]Allen is referred to as a "Warden" and a "Major" in the Report and Recommendation. [Doc. No. 9, pp. 1, 4]. However, Jackson consistently refers to him as a Warden, so the Court will assume that he is a Warden for purposes of this Ruling.

against Jackson, but that Jackson's "allegations of fault with respect to Hunter, Banks, and McCoy are conclusory at best." [Doc. No. 9, p. 10]. While the Court agrees that Jackson has not been as specific as he could have been, at this stage of the litigation, the Court finds that Jackson's allegations are sufficient to survive dismissal against Defendants Hunter, Banks, and McCoy. The Court expresses no opinion as to whether Jackson's claims will ultimately survive review, only that they survive the initial frivolity review.

However, as noted by Magistrate Judge Hayes in her Report and Recommendation, it is unclear whether Jackson has exhausted his administrative remedies. If he has not, then the Court must dismiss his case without prejudice to allow him to completely exhaust his administrative remedies. In light of Jackson's pro se representation and the current status of the case, the Court ORDERS that he be allowed a period of forty-five (45) days to amend his complaint to clearly state and provide any evidence that he has fully exhausted his administrative remedies.

MONROE, LOUISIANA, this _____ 20 _____ day of _____ October _____, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

2